The Honorable David Bisbee State Senator 14068 Pyramid Drive Rogers, Arkansas 72758-0116
Dear Senator Bisbee:
I am writing in response to your request for an opinion on whether the Arkansas Ethics Commission may lawfully exempt certain groups, such as teachers, from the Ethics Commission's rule prohibiting the acceptance of "gifts" by public servants.
Specifically, you indicate that "[r]ecently the . . . Commission adopted a rule concerning the receipt of gifts by public servants." You reference "Rule § 303." This Rule, as you note, is based upon A.C.A. § 21-8-801
(Repl. 1996), which provides that: "No public servant shall: (1) Receive a gift or compensation as defined in subchapter 4 of this chapter, other than income and benefits from the governmental body to which he or she is duly entitled, for the performance of the duties and responsibilities of his or her office or position." The Rule, you note, allows the public servant to receive an item conferred to show appreciation for the public servant's job performance only if the item does not exceed one hundred dollars in value.
You indicate that the term "public servant" appears to include school teachers, and thus, the Rule, as currently drafted, prohibits gifts in excess of one hundred dollars to teachers. You note, however, that some teacher awards, particularly on the national level, have a value far exceeding the one hundred dollar ($100.00) limit found in the Commission's rule. Your question is thus whether "the Arkansas Ethics Commission [can] give relief to groups such as teachers by exempting them from the Commission's rule?" You state that your concern about such a suggestion is that the laws upon which the rule is based do not include such exceptions.
RESPONSE
I must decline to answer your question, as the Arkansas Ethics Commission is statutorily invested with power to issue advisory opinions on questions arising under the statutes you reference. See A.C.A. §7-6-217(g)(2) (Repl. 2000). An answer to your question would necessarily involve a construction of A.C.A. § 21-8-801, a statute within the Ethics Commission's jurisdiction. My predecessor and I have each declined to opine on the provisions of such statutes, referring the requesters to the Ethics Commission for answers. See e.g., Op. Att'y Gen. 99-145; 97-390 and 92-209.
Sincerely,
MARK PRYOR Attorney General
MP/cyh